**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DEBORAH MORRIS, et al.,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:23-cv-01641-JMC |
| **MEMORIAL DEVELOPMENT PARTNERS, LP, et al.,** | | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Deborah Morris and Arnell Mason, filed the present lawsuit pro se against Memorial Development Partners, LP, Somerset Development Company, and Habitat America, LLC (collectively "Defendants") on June 20, 2023. (ECF No. 1). Plaintiffs then amended their Complaint on August 4, 2023, after the Court indicated that it violated Federal Rule of Civil Procedure 8 and Local Rule 103.1(d). (ECF Nos. 17, 18, 19). Presently before the Court is Defendants' Joint Motion to Dismiss Plaintiffs' Amended Complaint or, in the alternative, for a more definite statement. (ECF Nos. 45, 46). The Court has additionally considered Plaintiffs' opposition and Defendants' reply thereto. (ECF Nos. 48, 49). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendants' motion to dismiss will denied but the motion for a more definite statement will be granted.

**I.     BACKGROUND**

    A.  <u>Relevant Factual Background</u>

At all times relevant to this lawsuit, Plaintiffs resided in an apartment complex referred to as "Memorial Apartment" in Baltimore, Maryland.  (ECF No. 18 at 8).[1]  Memorial Apartment is purportedly owned by Defendants Memorial Development Partners and Somerset Development Company, and Defendant Habitat America is purportedly the leasing and management company tasked with "perform[ing] duties related to managing of the rental units of property and finding successful tenants to fill vacancies within this property at all relevant times." *Id.*  Sufficient for purposes of analyzing Defendants' motion, Plaintiffs summarily allege that Memorial Apartments "holds minefields of health, hazards, safety problems and structural defects that are left not addressed and have never been inspected . . . as regulated to do so." *Id.* at 21.  Plaintiffs further allege that they "now fear for [their] lives because the Defendants has failed to secure the building and surrounding outer parts of buildings with the necessary security devices and staff to protect Plaintiffs and other residents within our unit and the commons areas of this building." *Id.*  Plaintiffs then detail various deficiencies regarding Memorial Apartments that they deem to be grounds for a federal lawsuit, including "serious leaks, pipes breaking and mold"; "fire and safety issues"; "heating, cooling and ventilation issues"; "hazardous exposure to known material in building"; "failure to provide critical services to elderly and disabled people: malfunctioning elevators, no stairway chair lift, no support services, dispute resolution procedures"; "Defendants falsely advertise unavailable amenities"; and "constructive eviction." *Id.* at 22–47.

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.  At the motion to dismiss stage, the Court "accept[s] as true all well-pleaded facts and construe[s] them in the light most favorable to the plaintiff." *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

B. Relevant Procedural History

Both Plaintiffs filed a joint lawsuit in the Baltimore City Circuit Court on March 24, 2022, based on the same factual allegations raised in the present lawsuit. (ECF No. 46-1). Both Plaintiffs also filed a joint lawsuit in the Superior Court of the District of Columbia on November 22, 2022, based on the same factual allegations raised in the present lawsuit. (ECF No. 46-2). The Baltimore City Circuit Court dismissed Plaintiffs' Maryland lawsuit on December 20, 2022, for lack of jurisdiction pursuant to Maryland Rule 2-507. (ECF No. 46-1; ECF No. 46-3); *see* Md. Rule 2-507(b) ("An action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant."). Plaintiffs then moved to voluntarily dismiss their own complaint in the Superior Court of the District of Columbia on July 12, 2023. (ECF No. 46-2). The Superior Court granted Plaintiffs' motion the following day under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 46-4).[2]

## II. LEGAL STANDARD

A. Motion to Dismiss Under Rule 12(b)(6)

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions,

---

[2] *See Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) ("[A] court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

B. Motion for a More Definite Statement Under Rule 12(e)

Federal Rule of Civil Procedure 12(e) states that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonable prepare a response." "Unlike a motion to dismiss for failure to state a claim . . . a motion for a more definite statement focuses on whether a party has enough information to frame an adequate answer." *Est. of Green v. City of Annapolis*, No. 1:22-CV-03198-JRR, 2023 WL 6381453, at *4 (D. Md. Sept. 30, 2023) (internal quotations omitted). "A motion for a more definite statement challenges the unintelligibility or ambiguity of the complaint, not the adequacy of the allegations to state a claim." *Id.* "Whether to grant a motion for a more definite statement is 'generally left to the district court's discretion.'" *Malibu Media, LLC v. Doe*, No. CIV. WDQ-14-748, 2015 WL 857408, at *3 (D. Md. Feb. 26, 2015) (quoting *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973)). The Court liberally construes pro se plaintiffs' complaints in light of motions for a more definite statement. *Loper on*

*behalf of C.D. v. Howard Cnty. Pub. Sch. Sys.*, No. CV RDB-20-2184, 2021 WL 689963, at *2 (D. Md. Feb. 23, 2021). But pro se plaintiffs are nevertheless required to meet "certain minimal standards of pleading" and "must adhere to the rudimentary dictates of civil procedure." *Id.* (citing *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981)).

### III.   ANALYSIS

#### A. <u>Motion to Dismiss</u>

##### i. *The Two Dismissal Rule Does Not Bar Plaintiffs' Lawsuit*

Defendants raise several procedural arguments in support of dismissing Plaintiffs' Amended Complaint. First, they argue that Plaintiffs' claims are barred by the "two-dismissal rule" under Federal Rule of Civil Procedure 41(a)(1). (ECF No. 46 at 4–8). Rule 41 provides, in relevant part,

> (a) Voluntary Dismissal.
>    (1) By the Plaintiff.
>       (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>          (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>          (ii) a stipulation of dismissal signed by all parties who have appeared.
>       (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>    (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In other words, "Rule 41(a)(1) permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment

and only if the plaintiff has never previously dismissed an action based on or including the same claim." *Great Lakes Ins. SE v. Crabtree*, No. 20-CV-81544, 2023 WL 3534170, at *4 (S.D. Fla. May 18, 2023) (internal quotations omitted). But a plaintiff's claims are subject to dismissal with prejudice if they invoke Rule 41(a)(1) more than once by voluntarily dismissing more than one lawsuit sounded on the same claims. Rule 41(a)(2), however, does not contain such a two-dismissal rule. Although not mandatory authority, the Court finds the Eleventh Circuit Court of Appeals' explanation of the distinction between Rule 41(a)(1) and Rule 41(a)(2) particularly helpful:

> Rule 41(a)(1), in which the two dismissal rule appears, provides for dismissal by a plaintiff without order of court by the filing of a timely notice of dismissal or a stipulation of dismissal signed by all parties. Dismissal on plaintiff's motion and by order of court, on the other hand, is provided for in Rule 41(a)(2). Rule 41(a)(1) and Rule 41(a)(2) each ends with a sentence explaining the effect of dismissal obtained under their respective provisions. For Rule 41(a)(1), that last sentence includes the two dismissal rule. There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says, 'at the plaintiff's instance,' the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule.

*ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999). Moreover, "When the second dismissal occurs in state court . . . the two dismissal rule applies only if the state has enacted its own version of the two dismissal rule and would therefore treat the second dismissal as a dismissal with prejudice." *Manning v. S.C. Dep't of Highway and Pub. Transp.*, 914 F.2d 44, 47 n.5 (4th Cir. 1990).

Defendants argue that Plaintiffs have triggered the two-dismissal rule through their Maryland and District of Columbia lawsuits being dismissed. However, the exact circumstances under which the Maryland suit was dismissed preclude the Court from agreeing with Defendants. To be clear, Plaintiffs did voluntarily dismiss their second lawsuit in the District of Columbia and both Maryland and the District of Columbia have enacted their own versions of the two-dismissal

rule that mirror Rule 41.  *See* Md. Rule 2-506; D.C. Super. Ct. R. Civ. P. 41.  The issue then becomes whether Plaintiffs' voluntary dismissal of their District of Columbia case constitutes their *second* voluntary dismissal sufficient to trigger Rule 41(a)(1)'s two dismissal provision.

The Court finds that the two-dismissal rule does not apply.  The plain language of Rule 41(a)(1) contemplates, on its face, only instances in which a plaintiff takes affirmative action to dismiss their own claims, either by notice or stipulation of dismissal.  *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (noting that courts must "give the Federal Rules of Civil Procedure their plain meaning").  It does not contemplate that court-ordered dismissals have the same effect; rather, Rule 41(a)(2) indicates that there is no such two-dismissal rule for claims dismissed by court order.  Federal courts have historically recognized this distinction in holding that an initial court-ordered dismissal cannot serve as a predicate dismissal for purposes of the two dismissal rule, even where a plaintiff voluntarily dismisses a second lawsuit.  *See, e.g.*, *Iliescu v. Schleining*, No. 318CV00601LRHCBC, 2019 WL 5684173, at *5 (D. Nev. Nov. 1, 2019) ("First, for the two-dismissal rule to apply, by plain reading of the rule, *the plaintiffs* must have dismissed a first action.") (emphasis in original); *Loubier v. Mod. Acoustics, Inc.*, 178 F.R.D. 17, 20–21 (D. Conn. 1998) ("In the instant situation, neither of the state court actions were dismissed based upon the unilateral action of the plaintiffs.  Both were dismissed by court order . . . the majority of decisions have refused to apply the two-dismissal rule where the first dismissal was by stipulation of the parties or by order of the court."); *ASX Inv. Corp.*, 183 F.3d at 1268 (holding that two-dismissal rule does not apply when first action is dismissed by court order); § 2368 Voluntary Dismissal—Effect of Second Dismissal on Same Claim, 9 Fed. Prac. & Proc. Civ. § 2368 (4th ed. Apr. 2023 update).  Defendants provide no authority, and the Court has found none, indicating that a court-ordered dismissal suffices to serve as a predicate dismissal for the two-dismissal rule.

7

Rather, the limited case law on the subject indicates otherwise and the Court therefore finds that Plaintiffs' Amended Complaint is not barred under the two-dismissal rule.

          ii.   <u>Plaintiffs' Amended Complaint Will Not be Dismissed for Failure to Prosecute</u>

Defendants next argue that Plaintiffs' claims should be dismissed under Rule 41(b) because Plaintiffs "have failed to diligently prosecute their claims in either state or federal court." (ECF No. 46 at 8). Specifically, Defendants contend that Plaintiffs' lack of diligence is highlighted by (1) the Maryland lawsuit being dismissed for lack of jurisdiction; (2) the District of Columbia lawsuit being dismissed voluntarily; and (3) that Plaintiffs "have not taken any meaningful steps to prosecute [their] claims, either in state or federal court" after filing their Maryland lawsuit on March 24, 2022. *Id.* at 8–9. "Under Federal Rule of Civil Procedure 41(b), an action may be dismissed '[i]f the plaintiff fails to prosecute or to comply with . . . a court order.'" *Zeno v. Chevy Chase Bank*, No. CIV. PJM 08-2236, 2009 WL 4738077, at *1 (D. Md. Dec. 4, 2009) (quoting Fed. R. Civ. P. 41(b)). The Court previously explained that:

> In order to evaluate whether dismissal under Rule 41(b) for failure to prosecute is appropriate, the Fourth Circuit has articulated a four-factor test: a court must consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. The Fourth Circuit has said: 'While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.' Therefore, only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default.

*O'Briant v. GAF Corp.*, No. ELH-18-2457, 2019 WL 5625761, at *5 (D. Md. 2019) (quoting *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (other internal quotations and citations omitted).

The Court will not dismiss Plaintiffs' Amended Complaint under the above standards. Regarding arguments (1) and (2), the Court cannot surmise why dismissing the present lawsuit

would be appropriate to sanction Plaintiffs for their participation in other lawsuits. Nor do Defendants provide support for this proposition or address any of the above factors in their motion. Moreover, and related, the record highlights that Plaintiffs have meaningfully participated in the case *sub judice*. The Court cannot agree that Plaintiffs have failed to take any meaningful actions to pursue their claims after March 24, 2022, considering that Plaintiffs filed this lawsuit in June 2023 based on those claims, have actively participated in this case by responding to various orders and participating in scheduled telephone conferences, and have actively opposed Defendants' motion. Accordingly, the Court will not dismiss Plaintiffs' Amended Complaint for lack of prosecution under Rule 41(b).

    B.  <u>Motion for a More Definite Statement</u>

Defendants relatedly assert that either (1) they are entitled to dismissal because Plaintiffs' Amended Complaint fails to clearly establish federal question jurisdiction; or (2) if the Amended Complaint is not dismissed in its entirety, that the Court should require Plaintiffs to file a more definite pleading under Rule 12(e). (ECF No. 46 at 10–12). The Court agrees that a more definite pleading is appropriate both as to the substance of Plaintiffs' Amended Complaint as well as to clearly establishing whether the Court has jurisdiction over Plaintiffs' claims.

In its prior July 12, 2023, Order, the Court directed Plaintiffs to file their Amended Complaint because their initial Complaint violated Federal Rule 8(a)(2) and Local Rule 103.1(d). (ECF No. 17).[3] Plaintiffs' initial Complaint did not contain short and plain statements about their claims entitling Plaintiffs to relief; rather, the Court found that the Complaint was both overly excessive in length and failed to clearly indicate required information such as the jurisdictional

---

[3] Although the Court finds for the reasons that follow that Plaintiffs' Amended Complaint suffers from similar deficiencies, the Court cannot conclude that Plaintiffs' (presumably) good faith but unsuccessful attempt to amend their Complaint in accordance with the Court's July 2023 order warrants dismissal under Rule 41(b).

basis for Plaintiffs' claims. *Id.* Plaintiffs' Amended Complaint suffers from the same deficiencies. First, the Amended Complaint again violates this Court's Local Rules because it totals fifty-six (56) pages with a fifty-four (54) page supporting document accompanied by a fifty-three (53) page supplement. (ECF Nos. 18, 19); *see* Loc. R. 103.1(d) (D. Md. 2023) ("Pleadings should be no longer than necessary and, except in removals of a state action, *shall not exceed forty (40) pages in length*.") (emphasis added). While the Court appreciates Plaintiffs' historical account of Baltimore housing developments and quotations to various philosophers regarding issues of social and political inequity, these efforts are wasted as they in no way inch Plaintiffs' Amended Complaint closer to being a coherent, viable pleading. *See, e.g.*, (ECF No. 18 at 8–15, 17).

More problematic, though, is that Plaintiffs' Amended Complaint seems to merely cite various federal, state, and local laws/regulations in passing without clearly indicating which are the underlying bases for Plaintiffs' claims and/or how the allegations in Plaintiffs' Amended Complaint support those causes of action. For instance, the Amended Complaint provides a laundry list of citations to more than a dozen federal and state statutes, regulations, and ordinances yet does little to clarify throughout the Amended Complaint which exactly serve the basis of Plaintiffs' claims and how the allegations therein plausibly demonstrate Defendants' liability. (ECF No. 18 at 6). Such "sporadic references to state and federal law" throughout the Amended Complaint warrant ordering Plaintiffs to amend their complaint. *Loper*, 2021 WL 689963 at *2. This is buttressed by the specific counts alleged in Plaintiffs' Amended Complaint, such as Count II which asserts a claim for discrimination and unfair practices but indiscriminately cites the Fair Housing Act, Americans with Disabilities Act, The Consumer Protection Procedures Act, and the Freedom of Information Act; Count III which asserts a general claim of "Elderly and Adult Disabled Exploitation and Neglect" without indicating the basis for such a claim; and Count V which

conflates two separate causes of action—breach of the warranty of habitability and negligence. The confusion regarding the bases of Plaintiffs' claims is further compounded by the fact that Plaintiffs introduce for the first time in their opposition references to additional, un-pled causes of action under federal statutes mentioned nowhere in their initial Complaint.[4] As to whether this Court retains federal question jurisdiction over this case, Plaintiffs assert in their opposition that jurisdiction is based on "federal constitutional issues" despite citing various federal housing, disability, and consumer protection laws sporadically throughout their complaint and never asserting a count for a violation of Plaintiffs' constitutional rights. (ECF No. 48 at 5). Put simply, Plaintiffs' Amended Complaint is a smattering of largely irrelevant information with citations to various federal and state laws without providing any clear indication as to the basis for each of Plaintiffs' claims. Accordingly, the Court cannot conclude that the Amended Complaint provides Defendants with a sufficient opportunity to answer the substance of Plaintiffs' claims given its lengthy, jumbled, and at times incomprehensible assertions.[5]

      Plaintiffs' Amended Complaint places the Court between a rock and a hard place. Plaintiffs are owed liberal construction of their Amended Complaint so that they may seek proper relief for alleged wrongdoings, particularly as pro se plaintiffs. But it would also be unreasonable to expect Defendants to decipher the claims set forth in Plaintiffs' Amended Complaint given the Amended

---

[4] For instance, the references to federal law within Plaintiffs' Amended Complaint (which may be the basis for this Court exercising jurisdiction) are to the Fair Housing Act, the Americans with Disabilities Act, the Consumer Protection Procedures Act, and the Freedom of Information Act, yet Plaintiffs suggest in their opposition for the first time that they are pursuing relief under Section 504 of the Rehabilitation Act. *Compare, e.g.*, (ECF No. 18 at 47), *with* (ECF No 48 at 13). Plaintiffs also cite to the federal RICO criminal statute, the Condominium and Cooperative Conversion Protection and Abuse Relief Act, and various asbestos-related regulations in their opposition that are mentioned nowhere in the Amended Complaint. *See* (ECF No. 48 at 4, 7, 10–13).

[5] The Court further notes that it cannot provide relief for several of the allegations in Plaintiffs' Amended Complaint, even if they are true as alleged. For instance, this Court cannot provide Plaintiffs with an otherwise unavailable private cause of action under a federal criminal statute or institute criminal proceedings against Defendants for alleged RICO violations. Nor can the Court afford any relief to Plaintiffs based on their allegations that various city, state, and federal authorities have failed to enforce potentially applicable housing regulatory schemes given that such causes of action are best directed at those authorities rather than Defendants.

Complaint's disorganization, lack of clarity, and tangential information. To strike the proper balance between these considerations, Plaintiffs will again be afforded the opportunity to amend their complaint to provide *brief, concise, and clear* factual allegations in compliance with Fed. R. Civ. P. 8(a). Plaintiffs shall abide by all applicable federal and local rules in drafting their Second Amended Complaint, including the page limitations that Plaintiffs should be well aware of by now. Plaintiffs shall further (1) indicate *unambiguously* in their Second Amended Complaint the specific jurisdictional basis for their lawsuit; (2) clearly identify under which statutes/legal principles Plaintiffs' claims are being brought pursuant to; and (3) reasonably tie the factual allegations to those statutes/legal principles. The Court understands Plaintiffs are not trained in the law, but ultimately they must be held to the same pleading standards applicable to all litigants.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motion (ECF No. 45) is denied to the extent that it seeks outright dismissal of Plaintiffs' Amended Complaint. However, Defendants' motion is granted to the extent that it seeks a more definite statement, and Plaintiffs shall be afforded an opportunity to amend their Complaint again to address the issues described above. Plaintiffs shall do so within twenty-eight (28) days from the date of this Memorandum Opinion and Order, and Defendants may file any additional motion(s) to dismiss accordingly if they wish. The Clerk of the Court is further directed to mail a copy of this Memorandum Opinion and Order to Plaintiffs. Finally, Plaintiffs are **FOREWARNED** that failure to timely comply with the above directives will result in dismissal of Plaintiffs' claims.

Date: <u>February 23, 2024</u>                            /s/
                                                                    J. Mark Coulson
                                                                    United States Magistrate Judge